IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ROBERT EUGENE VAN WARMER on
behalf of ANN KATHRYN KELLY,

6:17- cv-01021-AA
**ORDER**

Plaintiffs,

v.

PACIFIC VILLAGE APARTMENTS,
OREGON CIRCUIT COURT FOR LANE
COUNTY, LANE COUNTY SHERIFFS
OFFICE, TRACI DYKSTRA, KATY KISER,
and KATHLEEN KELLY,

Defendants.

AIKEN, District Judge.

Plaintiffs seek an order from this Court enjoining "the Circuit Court of the State of Oregon for Lane County" so that plaintiff "has more time to relocate" from her current residence.[1] Pl. Mot. for Injunction at 1. Plaintiff requested expedited consideration of this motion. Therefore, the Court construes the motion, styled as a Motion for Injunction, as a

---

[1] Plaintiffs filed the motion contemporaneously with their complaint alleging defendants violated Americans with Disabilities Act in connection with plaintiff Kelly's eviction from her residence at Pacific Village Apartments.

Page 1 – ORDER

Motion for a Temporary Restraining Order ("TRO"). For the reasons set forth below, plaintiffs' Motion for TRO is DENIED.

The same general legal standards govern temporary restraining orders and preliminary injunctions. Fed. R. Civ. P. 65; *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A plaintiff seeking such relief must establish (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the plaintiffs favor; and (4) a preliminary injunction is in the public interest. *Winter v. Nat'l Resources Def Council, 555 U.S. 7, 21 (2008)*. A court may not enter a preliminary injunction without first affording the adverse party notice and an opportunity to be heard. Fed. R. Civ. P. 65(1)(2); *People of State of Cal. ex rel. Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1322 (9th Cir. 1985). By contrast, in an emergency temporary restraining order may be entered without notice. *See* Fed R. Civ. P. 65(b)(l)(A) (restricting availability of *ex parte* temporary restraining orders to situations in which "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.")

A TRO is not justified here. Setting aside that under the facts alleged this Court lacks jurisdiction to enjoin a Circuit Court in the State of Oregon from performing its lawful prerogatives, Plaintiffs do not show what specific relief they are requesting. Plaintiff Kelly reached a mutual agreement with her landlord to vacate her apartment on 6/27/2017. Pl. Mot. for Injunction at 8. This motion was filed on 6/30/2017, it is not submitted whether plaintiff is still residing at her apartment. It also appears that plaintiffs have a petition for relief pending before the Lane County Circuit Court alleging the same facts as this case. *Id.* at *15*. In any event, it is unclear how monetary damages could not compensate plaintiffs for defendants' alleged actions.

Given the confusing nature of plaintiffs filings, it is unclear whether plaintiffs have any likelihood of success on the merits of their complaint or that there is a showing of the type of emergent harm contemplated by Fed. R. Civ. P. 65.

## CONCLUSION

Plaintiffs' Motion for Injunction (doc. 7) is DENIED. Plaintiffs have leave refile a properly supported Motion for Preliminary Injunction. The Court also advises plaintiffs that the District of Oregon has a Pro Bono Representation program. Parties who are unable to pay for an attorney but would like representation in a pending, active civil suit in District Court may submit a motion for Appointment of Pro Bono Counsel. The Motion form can be found on the District of Oregon's public website or at any of District of Oregon Clerk of Court office.

It is so ORDERED.

DATED this 30th day of June 2017.

ANN L. AIKEN
U.S. District Judge